S. S. VAN HORN ET AL. V. STATE OF NEBRASKA, EX REL.
RICHARD M. ALLEN.

FILED APRIL 21, 1897.   No. 7943.

1. **Mandamus: RELATOR.** · When *mandamus* proceedings are instituted
to redress a private wrong or enforce a private right, the party
beneficially interested should be named as relator.

2. ———: **DRAINAGE-DITCH: INTEREST OF RELATOR.** A *mandamus* will
not issue to a county board to compel the construction of a drain-
age-ditch under article 1, chapter 89, Compiled Statutes, where
the relator is not shown to be interested in the improvement, inde-
pendent of that which he has in common with the public at large.

ERROR from the district court of Dodge county.   Tried
below before MARSHALL, J.   *Reversed.*

*George L. Loomis, C. Hollenbeck,* and *John W. C. Abbott,*
for plaintiffs in error.

*Samuel Maxwell, W. H. Munger,* and *J. E. Frick, contra.*

NORVAL, J.

On the 18th day of April, 1894, a petition was presented
to the county board of Dodge county, accompanied by the
requisite bond, praying for the location and construction
of a drain or ditch, known as the "Central Cut-Off Ditch,"
over and across certain lands.   Thereupon the board
viewed the line of the proposed improvement, made its
report in writing in favor of the ditch, finding all. the
matters and things required by section 5, article 1, chap-
ter 89, of the Compiled Statutes, which report was en-
tered on the journal, and the county surveyor was or-
dered to go upon the line described in the petition and
survey, level, and stake the proposed ditch, and make a
report, profile, and plat of the same, together with esti-
mates of the cost of construction, according to law.   On
June 30, 1894, the county surveyor filed his report, from
which it appears that the estimated cost of constructing

the improvement was nearly $24,000. The county clerk fixed August 7, 1894, for the hearing on the report, and notice thereof was duly given. On the last named date the county board, after making a finding that the requisite notice of the hearing had been given, postponed action upon the surveyor's report, the estimates, and all matters connected with said ditch until the second Tuesday of January following, at which time the board, by resolution, indefinitely postponed "all business connected with the Central Cut-Off Ditch." Thereupon the relator, Richard M. Allen, applied to the district court for a peremptory writ of *mandamus* against the members of the board of supervisors of Dodge county to compel them to convene as a county board and proceed with the construction of said ditch. To the petition the respondents demurred, on the grounds that it does not state facts to constitute a cause of action, and that plaintiff has no legal capacity to sue or legal interest sufficient to maintain the action. The demurrer was overruled by the court, the respondents answered, and certain parties affected by the ditch intervened. Upon the trial a peremptory writ was awarded, and the respondents and intervenors separately prosecute petitions in error.

In the briefs, and at the bar, the proposition was argued by counsel for the respective parties whether the county board acted judicially when it found in favor of the ditch, and if it did, whether it possessed the power to review or disregard its action in the premises, as it attempted to do by adopting the resolution at the January meeting to indefinitely postpone further proceedings connected with the ditch. This point it is unnecessary to consider at this time, owing to the views we entertain upon another question, which must control the decision in the case, namely, the right of the relator to maintain the suit.

"The rule is well established in this court that, where the question is one of public right and the object of the *mandamus* is to procure the enforcement of a public duty,

the relator need not show that he has any legal or special interest in the result, it being sufficient to show that he is a citizen and, as such, interested in the execution of the laws. (*State v. Shropshire*, 4 Neb., 411; *State v. Stearns*, 11 Neb., 104.) This rule applies more particularly to the enforcement of such public duties which the failure to perform will affect the entire community alike.  *  *  * The distinction between cases where a private person may act as relator to enforce a public duty, and where to maintain the action he must show an interest, is not very clearly drawn in the cases. The dividing line, however, appears to be that where private or corporate rights are affected, then the relator must show an interest, while if the state is the real party, and the relator the mere informer, to procure the enforcement of a mere public duty, then a private individual may become the relator." (*State v. City of Kearney*, 25 Neb., 266.) *Mandamus* will lie against a public officer to compel the performance of a duty of a public nature on the petition of a private person where the proper prosecuting officer refuses to institute the suit. If the writ is sought to enforce a private right merely, the relator must show a direct interest in the result. (Code, sec. 646; *Hagerty v. Arnold*, 13 Kan., 385.) In one sense it may be said that a public object and purpose is to be accomplished by the construction of this ditch, namely, to promote the public health and welfare; but in every other respect private interests alone are to be subserved. A highway is a public improvement, yet every citizen or elector of the county has not such an interest in its establishment as to enable him to invoke the writ of *mandamus* to enforce the opening of a highway which has been duly established, but he must have an interest in the improvement independent of that which he possesses in common with the public at large (*Throckmorton v. State*, 20 Neb., 647); and, upon principle, such an interest is necessary to authorize one to institute *mandamus* against a county board to compel the taking of necessary steps to secure the construction of a ditch

under article 1, chapter 89, Compiled Statutes. Section 4 of said article requires the petition for such improvement to be signed by one or more owners of the lots or lands which will be benefited thereby. Freeholders alone are competent to sign such a petition, and without a petition properly signed the proceeding would be a nullity. (*Doody v. Vaughn*, 7 Neb., 28; *State v. Babcock*, 21 Neb., 187; *Wullenwaber v. Dunigan*, 30 Neb., 877.) It follows that this suit cannot be maintained by this relator unless he is beneficially interested in the matter. The record fails to disclose that he possesses such an interest. He was not a signer of the petition presented to the respondents for the location of the ditch, nor does it appear that he is the owner of any real estate which will be affected by the proposed improvement. Not being a competent petitioner for the ditch, it would seem that he is not a competent party plaintiff, at least unless he would be injuriously affected by the failure of respondents to act, which is not disclosed. It is true relator resides near the line of the contemplated ditch, but it is not shown that he is in any manner aggrieved by the failure of the respondents to act. It appears that the Standard Cattle Company, a Wyoming corporation, which owns several hundred acres of land near the line of said ditch, and within the course of the general flow of surface water that would be carried off through said ditch if constructed, signed the petition therefor, that relator is a stockholder in said corporation, is the manager thereof in Dodge county, and resides upon the company's lands in said county. The fact that Mr. Allen is the manager of the Standard Cattle Company, or is a stockholder therein, confers no right upon him to maintain this action in his individual name. As such stockholder he is the owner of no interest in the real estate of the corporation. (*Carpenter Paper Co. v. Wilcox*, 50 Neb., 659.) As a general rule, a stockholder may not sue on behalf of the corporation. He may sue for its benefit, however, where the corporation refuses to sue, or is controlled by direct-

ors who are chargeable with liability. (*Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 41 Neb., 374.) No facts are alleged or proven to bring the case within any recognized exception to the general rule stated above. For the want of a competent relator, the judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.