RETAIL SECTION OF CHAMBER OF COMMERCE OF PLATTSMOUTH, APPELLEE, V. WILLIAM G. KIECK, COUNTY ATTORNEY, APPELLANT.

FILED NOVEMBER 23, 1934. NO. 29037.

*Paul F. Good, Attorney General,* and *Paul P. Chaney,* for appellant.

*W. A. Robertson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and RAPER, District Judge.

GOOD, J.

This is an action for injunction. Defendant's general demurrer to the petition was overruled. He refused to further plead. Injunction as prayed was decreed by the trial court. Defendant has appealed.

We are required to determine whether the petition stated sufficient facts to entitle plaintiff to injunctive relief.

From the petition it appears that plaintiff is an unincorporated association of retail merchants in the city of Plattsmouth; that defendant is the qualified and acting county attorney of Cass county; that the members of plaintiff have formulated and are operating what they term a gift program and advertising enterprise. The plan of operation, as briefly summarized, is that the members of the plaintiff issue a free gift coupon with each 25-cent purchase by any of their customers; that these coupons are placed in a ballot box and a weekly drawing from the gift coupons is held and the winner thereof is given gift tickets which are redeemable in merchandise at the stores of any of the members of plaintiff. Defendant, as county attorney, has threatened to stop said practice of plaintiff, to interfere with the ballot boxes where the gift coupons are deposited, and to interfere with plaintiff's members, its agents, servants and employees in the operation of the practice, and the threat of defendant to interfere with and stop said enterprise was interfering with the business of the members of plaintiff, and they had no adequate remedy at law. Plaintiff prayed that defendant be enjoined from, in any way, interfering with plaintiff in the operation of such program and practice.

Defendant contends that the petition shows that plaintiff had an adequate remedy at law, and therefore was not entitled to injunctive relief, and, secondly, that the program and enterprise being carried on by plaintiff and its members was a lottery and not a lawful enterprise. On the other hand, plaintiff contends that the mere allegation in the petition that plaintiff had no adequate remedy at

law was a sufficient allegation of fact and that the demurrer admitted this fact, and further contends that the program and enterprise being operated by plaintiff and its members was a lawful enterprise and not a lottery.

With respect to the first proposition, it is a familiar rule that a general demurrer admits the truth of all well pleaded allegations in the pleading to which it is directed. It is an equally familiar rule that such a demurrer does not admit a mere conclusion of the pleader. *Busboom v. Schmidt,* 94 Neb. 30; *Dodson v. Woolworth Co.,* 118 Neb. 276. "In fact a bare allegation that there is no adequate remedy at law is not sufficient; facts must be alleged from which the inadequateness of the legal remedy is apparent." 13 Standard Ency. of Procedure, 84.

From the entire petition and the briefs, it is apparent that the act of the county attorney which plaintiff seeks to enjoin is prosecution of the members of the plaintiff for a violation of the lottery statute. There is no contention that this statute is invalid or unconstitutional, no allegation that defendant intended to resort to any other than a legal prosecution for an alleged violation of a criminal statute. In our opinion, the petition fails to set forth sufficient facts to show that plaintiff was without remedy at law.

But the principal question is: Does the practice being indulged in by the members of plaintiff constitute a lottery?

Section 28-962, Comp. St. 1929, provides: "Whoever opens, sets on foot, carries on, promotes, makes or draws, publicly or privately, any lottery or scheme of chance, of any kind or description, by whatever name, style or title the same may be denominated or known; or by such ways and means exposes or sets to sale any house or houses, lands or real estate, or any goods or chattels, cash or written evidences of debt, or certificates of claims or any thing or things of value whatever, shall be fined in any sum not exceeding five hundred dollars."

In *State v. Nebraska Home Co.,* 66 Neb. 349, this court held:

"To constitute a lottery it is necessary that a prize be offered, and something of value be given for a chance to obtain the prize.

"The prize may be anything of value; a preference or privilege in the distribution of a common fund among those entitled thereto, may constitute a prize."

In Bouvier's Law Dictionary lottery is defined as "A scheme for the distribution of prizes by chance. * * *

"A scheme by which, on one's paying money or some other thing of value, he obtains the contingent right to have something of greater value, if an appeal to chance, by lot or otherwise, under the direction of the manager of the scheme, should decide in his favor." A similar definition of lottery may be found in 38 C. J. 287, and in 17 R. C. L. 1209, sec. 2.

It has been held that coupons, good for a drawing of something of value, that are given with the purchase of goods, constitute a lottery. *Lohman v. State,* 81 Ind. 15; *United States v. Olney,* 1 Abb. (U. S. C. C.) 275.

Entertainments at which each holder of an admission ticket is entitled to a chance to win a prize are deemed lotteries. *Thomas v. People,* 59 Ill. 160. It has been held that a scheme to increase the number of subscribers to a newspaper by giving to each paid-up subscriber a numbered ticket, which will entitle him to a drawing for certain prizes, to be given away by the newspaper to the holders of the winning tickets, is a lottery. *United States v. Wallis,* 58 Fed. 942.

While plaintiff terms its scheme a gift program and advertising enterprise, it is more than a commonly-called gift enterprise. Strictly speaking, a gift enterprise, in a broad sense, is a scheme under which prizes are given to purchasers of goods as an inducement to buy, a familiar example of which is the green trading stamp, but in such a scheme there is no element of chance. If the scheme requires the goods to be sold for their market value, but, by way of inducement, each purchaser is given a chance to win a prize, the enterprise comes within the

meaning of a lottery. We think that, under the principles announced, the program and enterprise, being carried on by the members of the plaintiff, constitutes a lottery and is in violation of the lottery statute.

We have no doubt that the members of plaintiff, in good faith, believed that their plan of operation was not a lottery and that it was lawful to carry it on, but in this they were mistaken.

For the reasons already given, the injunction should not have been granted. The judgment is reversed and the action dismissed at the costs of plaintiff.

REVERSED AND DISMISSED.