In re APPLICATION OF W. R. FRANK, TRUSTEE.
SCOTTSBLUFF IMPROVEMENT ASSOCIATION, A CORPORATION, APPELLANT, v. CITY OF SCOTTSBLUFF, A MUNICIPAL CORPORATION, ET AL., APPELLEES.
164 N. W. 2d 215
Filed January 17, 1969. No. 36969.

Lovell & Raymond, for appellant.

Loren Olsson and Lester A. Danielson, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

NEWTON, J.

This is an error proceeding taken from the action of the mayor and council of the city of Scottsbluff in adopting a rezoning ordinance. The action was dismissed by the trial court and we affirm the judgment.

It appears that there is a jurisdictional feature present which prevents our considering this cause on its merits. A zoning ordinance constitutes the exercise of a governmental and legislative function and a city council adopting a rezoning ordinance which amends a general zoning ordinance acts in a legislative capacity. See, Johnston v. City of Claremont, 49 Cal. 2d 826, 323 P. 2d 71; Besselman v. City of Moses Lake, 46 Wash. 2d 279, 280 P. 2d 689; McQuail v. Shell Oil Co., 40 Del. Ch. 396, 183 A. 2d 572; D'Angelo v. Knights of Columbus Bldg. Assn., 89 R. I. 76, 151 A. 2d 495; In re Clements' Appeal, 2 Ohio App. 2d 201, 207 N. E. 2d 573; Anthony v. City of Kewanee, 79 Ill. App. 2d 243, 223 N. E. 2d 738.

In Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776, we held that an appeal or error proceeding does not lie from a purely legislative act by a public body to which legislative power has been delegated. We further stated that the only remedy in such cases is by collateral attack, that is, by injunction or other suitable action.

In Longe v. County of Wayne, 175 Neb. 245, 121 N. W. 2d 196, this court held that review by error proceeding is allowed under section 25-1901, R. R. S. 1943, only when a tribunal acts judicially. Such is not the case here.

The judgment of the trial court is affirmed.

AFFIRMED.