JAMES R. CUNNINGHAM, APPELLANT, v. J. JAMES EXON, GOVERNOR OF THE STATE OF NEBRASKA, ET AL., APPELLEES.

276 N. W. 2d 213

Filed March 13, 1979. No. 41857.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellees.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and SPENCER, Retired Justice.

McCOWN, J.

The plaintiff, a citizen and taxpayer, brought this action against the defendant officials of the State of Nebraska for a declaratory judgment challenging the accuracy and validity of the proclamation, publication, and incorporation of an amendment to Article

VII, section 11, of the Constitution of the State of Nebraska, adopted at a general election on November 2, 1976. The District Court sustained the defendants' general and special demurrer upon the ground that plaintiff did not have standing to maintain the action, and dismissed plaintiff's petition. Plaintiff has appealed.

Plaintiff's petition alleges that the defendants failed to accurately proclaim, publish, and affix to the laws of the State of Nebraska, an amendment to Article VII, section 11, of the Nebraska Constitution, by erroneously omitting the following language: "The state shall not accept money or property to be used for sectarian purposes; Provided, that the Legislature may provide that the state may receive money from the federal government and distribute it in accordance with the terms of any such federal grants, but no public funds of the state, any political subdivision, or any public corporation may be added thereto."

In March 1976, L.B. 666 was adopted by the Legislature and approved by the Governor. L.B. 666 was titled: "AN ACT for submission to the electors of amendments to Article VII, section 11, of the Constitution of Nebraska, relating to education; to permit contracting for nonsectarian services of handicapped children; to permit aid for nonsectarian purposes for postsecondary students; to prohibit the use of public funds for sectarian purposes; to provide for the time and manner of submission and form of ballots; and to provide the effective date thereof."

The bill proposed: "(T)here shall be submitted to the electors of the State of Nebraska for approval the following amendment to Article VII, section 11, of the Constitution of Nebraska, and the further amendment of Article VII by the addition of new section 11A thereto, which are hereby proposed by the Legislature:

"Sec. 11. *Notwithstanding any other provision in the Constitution,* ~~Appropriation~~ *appropriation* of public funds shall not be made to any school or institution of learning not owned or exclusively controlled by the state or a political subdivision thereof; *Provided, that the Legislature may provide that the state or any political subdivision thereof may contract with institutions not wholly owned or controlled by the state or any political subdivision to provide for educational or other services for the benefit of children under the age of twenty-one years who are handicapped, as that term is from time to time defined by the Legislature, if such services are nonsectarian in nature.*

"All public schools shall be free of sectarian instruction.

"~~The state shall not accept money or property to be used for sectarian purposes, Provided, that the Legislature may provide that the state may receive money from the federal government and distribute it in accordance with the terms of any such federal grants, but no public funds of the state, any political subdivision, or any public corporation may be added thereto.~~

"A religious test or qualification shall not be required of any teacher or student for admission or continuance in any school or institution supported in whole or in part by public funds or taxation.

"Sec. 11A. *Notwithstanding any other provision in the Constitution, the Legislature may provide financial aid in the form of loans or grants to students attending postsecondary educational institutions not wholly owned or controlled by the state or a political subdivision thereof if such aid is expressly limited to nonsectarian purposes. The Legislature may provide that the state may receive money from the federal government and distribute it in accordance with the terms of any such federal grants, but any public funds of the state, any political subdivision, or any*

*public corporation added thereto shall not be used for sectarian purposes."*

The ballot forms for submission of the proposed amendments set the amendments out separately to be voted on separately. The explanation of the proposed amendments as prepared by the executive board of the legislative council submitted the proposed amendment to section 11 as "Part 1 of Proposed Amendments No. 6," and the proposed amendment adding section 11A as "Part 2 of Proposed Amendments No. 6." The full text of L.B. 666 was published as provided by law prior to the general election on November 2, 1976. At the election the voters of Nebraska approved Part 1 of Proposed Amendments No. 6 and rejected Part 2.

The major complaint of the plaintiff is that no explanation was made to the voters that the adoption of Part 1 of the amendments would result in the elimination of the language referred to by the plaintiff unless Part 2 was also adopted. The plaintiff asserts that the language was not validly eliminated nor intended to be eliminated, and that the court should declare that the language remains a part of Article VII, section 11, Constitution of Nebraska.

The District Court found that the plaintiff did not allege nor sustain any injury peculiar to himself, nor did the amendment involve the expenditure of state funds, and therefore the plaintiff did not have standing to maintain a declaratory judgment action. The District Court sustained the defendants' demurrer and dismissed plaintiff's petition.

The sole issue on this appeal is whether the plaintiff had standing to challenge the accuracy of the proclamation, publication, and incorporation of a constitutional amendment adopted by the electors of Nebraska.

The defendants rely upon the well-established rules that declaratory judgments must involve justiciable controversies, and that in order to maintain

an action for a declaratory judgment as to a legislative enactment, plaintiff must show some special injury peculiar to himself aside from and independent of the general injury to the public, unless the legislative enactment involves the expenditure of public funds or involves an illegal increase in the burden of taxation. See, Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808; Holland v. Brownville Grain Co., 174 Neb. 742, 119 N. W. 2d 304; 26 C. J. S., Declaratory Judgments, § 118, p. 270. The defendants therefore contend that the only persons who could have standing to challenge the amendment here are potential recipients of federal funds who may have been affected by the adoption of the constitutional amendment involved in this case.

An exception to the general rule relied upon by defendants has been established in other jurisdictions where matters of great public concern are involved and a legislative enactment may go unchallenged unless plaintiff has the right to bring the action. In a case involving the challenge of a city charter amendment by a citizen and taxpayer, the Colorado Supreme Court held that the taxpayer had standing and the right to bring a declaratory judgment action against the city even though his interest was no different than that of other taxpayers. The court said: "(W)e can conceive of no greater interest a taxpayer can have than his interest in the form of government under which he is required to live, or in any proposed change thereof. In the last analysis, this interest may well exceed any pecuniary interest he may have. The interest and concern of plaintiff as a taxpayer is not primarily confined to himself alone, but is of 'great public concern' * * *. If a taxpayer and citizen of the community be denied the right to bring such an action under the circumstances presented by this record, then wrong must go unchallenged, and the citizen and taxpayer reduced to mere spectator without redress." Howard v. City of

Boulder, 132 Colo. 401, 290 P. 2d 237. The Colorado Supreme Court later reaffirmed the holding of the Howard case with respect to statutory provisions involving a reorganization of state government and said: "The rights involved extend beyond self-interest of individual litigants and are of 'great public concern.'" Colorado State Civil Service Emp. Ass'n. v. Love, 167 Colo. 436, 448 P. 2d 624. See, also, Portmann v. Bd. of Elections, 60 Ohio App. 54, 19 N. E. 2d 531; Abbott v. Iowa City, 224 Iowa 698, 277 N. W. 437.

So far as we have been able to determine, the rules of standing relied upon by the defendants have been applied only with respect to challenges to statutes and ordinances. The rule which grants standing to citizen taxpayers in cases of great public interest and concern has also been applied only to state statutes and municipal charters and ordinances. Apparently neither rule has ever been applied with respect to an amendment to a state constitution. The reasoning of those cases which grant standing to a citizen taxpayer to challenge the validity of a statute or ordinance where matters of public interest and concern are involved and the enactment may otherwise go unchallenged, is even more persuasive where the declaration sought involves the accuracy and validity of an amendment to a state constitution.

There can be no doubt that the amendment of Article VII, section 11, Constitution of Nebraska, raises issues of great public interest and concern, and that the petition here states a justiciable controversy. It is also obvious that if the amendment to Article VII, section 11, Constitution of Nebraska, cannot be challenged by a citizen and taxpayer unless and until he has a special pecuniary interest or injury different from that of the public generally, it is entirely possible that no one may have standing to challenge it. An amendment which changes the provisions of a state constitution as to the use of public funds for

sectarian and educational purposes is of such great public interest and concern that a citizen taxpayer should have standing sufficient to maintain an action for a declaratory judgment as to such an amendment without the necessity of showing that he has sustained some special injury peculiar to himself and distinct from that of the public generally. We hold that a citizen and taxpayer has standing to maintain an action for a declaratory judgment to challenge the accuracy and validity of the proclamation, publication, and incorporation of an amendment to Article VII, section 11, Constitution of Nebraska.

The sole issue on this appeal is whether the plaintiff has standing to challenge the amendment. He does. We make no determination on the merits of the case. It remains for the District Court to make a judicial determination of these issues.

REVERSED AND REMANDED.