WEST FORT RESIDENTS ASSOCIATION, A NONPROFIT CORPORATION, APPELLEE, V. HOUSING AUTHORITY OF THE CITY OF OMAHA ET AL., APPELLANTS.

288 N. W. 2d 27

Filed January 29, 1980.   No. 42557.

Steven J. Riekes and Michael J. Rubach of Richards, Riekes, Brown & Zabin, P. C., for appellants.

William E. Gast, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

PER CURIAM.

The Omaha Housing Authority appeals from a judgment enjoining it from developing or completing a proposed housing project at a site outside the city limits of Omaha, Nebraska, at 91st Avenue and Ellison Street in Douglas County, Nebraska.

The plaintiff, West Fort Residents Association, is a nonprofit corporation organized under the laws of Nebraska. Its members are citizens of Douglas County, Nebraska. It commenced this action on June 9, 1978, to prevent the Housing Authority and the Omaha Housing Development Corporation from proceeding with the housing project which the defendants proposed to construct and establish outside of Omaha, Nebraska. The development corporation is a nonprofit corporation which was organized by the Housing Authority to assist the Housing Authority in financing housing projects.

The trial court granted a temporary injunction on June 9, 1978. The defendants filed separate demurrers to the petition alleging the plaintiff lacked capacity to sue and that the petition did not state facts sufficient to constitute a cause of action against the defendants. The demurrers were overruled and the defendants elected to stand on the demurrers. Judgment was then entered making the injunction permanent.

The defendants' first assignment of error alleges that the plaintiff lacked standing to sue. Before any party can invoke the jurisdiction of the court he must have standing to sue. He must have some real in-

terest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. Stahmer v. Marsh, 202 Neb. 281, 275 N. W. 2d 64.

A person seeking to restrain the act of a municipal body must show some special injury peculiar to himself aside from and independent of the general injury to the public unless it involves an illegal expenditure of public funds or an increase in the burden of taxation. Cunningham v. Exon, 202 Neb. 563, 276 N. W. 2d 213; Holland v. Brownville Grain Co., 174 Neb. 742, 119 N. W. 2d 304; Martin v. City of Lincoln, 155 Neb. 845, 53 N. W. 2d 923; Kirby v. Omaha Bridge Commission, 127 Neb. 382, 255 N. W. 776.

There is nothing in the record in this case to show that the plaintiff had any interest of any nature in the controversy. In fact, there is nothing to show that the members of the plaintiff, none of whom are parties, had any interest in the controversy. The petition was subject to demurrer because it failed to show that the plaintiff had any standing to sue.

It is unnecessary to consider the other assignments of error. The judgment is reversed and the cause remanded with directions to sustain the defendants' demurrers.

REVERSED AND REMANDED WITH DIRECTIONS.