NEWT COPPLE, APPELLANT, V.
CITY OF LINCOLN ET AL., APPELLEES.

315 N.W.2d 628

Filed February 5, 1982. No. 43628.

Noren & Burns for appellant.

William F. Austin, City Attorney, and William G. Blake for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

CLINTON, J.

This action originates by a "petition on appeal" filed in the District Court for Lancaster County by the plaintiff Copple against the City of Lincoln, its mayor, the members of its city council, and Old Cheney Road, Inc. The plaintiff's petition alleges the action is an appeal under the provisions of Neb. Rev. Stat. § 15-1202 (Reissue 1977) from an amendment to a zoning ordinance of the City. It further alleges, among other things, that on May 9, 1977, the council approved ordinance No. 11976 which changed the zoning classification of a tract of land in the southwest quarter of Section 9, Township 9 North, Range 7 East, Lancaster County, from "G-Local Business District Zoning and A-1 Single Family Dwelling District Zoning to J-1 Planned Regional Com-

mercial District Zoning." The plaintiff alleges he is a citizen, resident, and taxpayer of Lincoln and Lancaster County, and he is owner of a tract of land described as the northeast quarter of Section 18, Township 9 North, Range 7 East of the 6th P.M., Lancaster County, Nebraska. He further alleges the zone change "will have a detrimental affect [sic] on plaintiff and his real property, in that plaintiff wishes to build a regional shopping center in close proximity to the area here involved, specifically at 40th Street and Old Cheney Road and currently has pending applications for said regional shopping center and a lawsuit to determine plaintiff's right to build said regional shopping center. The decision of the City Council herein would cause undue hardship on the plaintiff if in fact a shopping center is allowed to be built on the rezoned tract in said close proximity to plaintiff's proposed shopping center site."

The petition further alleges the city council of the City of Lincoln acted arbitrarily and capriciously in enacting the amendment to the zoning ordinance and sets forth various reasons for the conclusion.

The District Court, after a hearing on the merits of the plaintiff's petition, found that the plaintiff was not a person aggrieved within the meaning of Neb. Rev. Stat. § 15-1201 (Reissue 1977); that he did not have standing to sue; and that even if he had legal standing, he had failed to prove he suffered some special injury peculiar to himself as required by law to have standing to appeal the action of the council. It further found: "That if it should be determined that the plaintiff possesses legal standing to appeal this action, the plaintiff still has the burden of proving that the action of the defendant, City of Lincoln, was arbitrary, unreasonable, and without substantial relation to the public safety, health, morals, or the general welfare." The court then made findings indicating a lack of merit in each of the plaintiff's specific claims of invalidity of the ordinance. It ordered the plaintiff's appeal

dismissed.

We affirm on two alternative grounds. The first ground is that the enactment of a zoning ordinance by a municipal governing body is an exercise of legislative authority from which no direct appeal lies. An appeal or error proceeding does not lie from a purely legislative act by a public body to which legislative authority has been delegated. *Scottsbluff Improvement Assn. v. City of Scottsbluff*, 183 Neb. 722, 164 N.W.2d 215 (1969); *Williams v. County of Buffalo*, 181 Neb. 233, 147 N.W.2d 776 (1967). The only remedy in such cases is by collateral attack, that is, by injunction or other suitable actions. Insofar as the earlier case of *Kelley v. John*, 162 Neb. 319, 75 N.W.2d 713 (1956), holds that an amendment to a zoning ordinance is an administrative or executive act, it is overruled.

Section 15-1201 provides: "Any person or persons, jointly or severally aggrieved by any final administrative or judicial order or decision of the board of zoning appeals, the board of equalization, the city council, or any officer or department or board of a city of the primary class, shall, except as provided for claims in sections 15-840 to 15-842.01, appeal from such order or decision to the district court in the manner herein prescribed." The above statute applies only where the bodies mentioned act judicially or quasi-judicially. Any other construction would render the statute unconstitutional. The Legislature may not delegate legislative power to the courts. A delegation of legislative power to the courts is violative of article II, § 1, of the Constitution of Nebraska. *Williams v. County of Buffalo, supra.*

The alternative ground of our decision is that the plaintiff has not shown that he is an "aggrieved" person within the meaning of § 15-1201. In order to have standing as an aggrieved person for the purpose of attacking a change of zone, the plaintiff must demonstrate that he suffers a special injury different in kind from that suffered by the general public. *West Fort*

*Residents Assn. v. Housing Auth. of City of Omaha*, 205 Neb. 397, 288 N.W.2d 27 (1980); 8A McQuillin, Municipal Corporations § 25.292 (3d ed. 1976). The possibility that zone changes may afford competition for businesses which the plaintiff hopes will be established on his property if it is rezoned is not sufficient to give standing. An increase in business competition is not sufficient to confer standing to challenge a change of zone. *Swain v. County of Winnebago*, 111 Ill. App. 2d 458, 250 N.E.2d 439 (1969); *Waltham Motor Inn, Inc. v. LaCava*, 3 Mass. App. 210, 326 N.E.2d 348 (1975).

AFFIRMED.

WHITE, J., participating on briefs.

KRIVOSHA, C.J., concurs in the result.