MARY KAY GREEN AND JERRY HASSETT, APPELLANTS,
v. COX CABLE OF OMAHA, INC., A NEBRASKA
CORPORATION, ET AL., APPELLEES.

327 N.W.2d 603

Filed December 3, 1982. No. 81-707.

Edward F. Fogarty of Fogarty, Lund & Gross, for appellants.

Herbert M. Fitle, City Attorney, Timothy M. Kenney, and Denise A. Hill, for appellee City of Omaha.

Abrahams, Kaslow & Cassman, and Dow, Lohnes & Albertson, for appellee Cox Cable.

Lyle E. Strom and C. L. Robinson of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, for appellees Greenberg et al.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

The instant appeal grows out of the same facts which gave rise to the case of *Hall v. Cox Cable of*

*Omaha, Inc., ante* p. 887, 327 N.W.2d 595 (1982), decided this day. In the instant case the appellants Green and Hassett filed a petition in the District Court for Douglas County, Nebraska, alleging that they were duly elected members of the city council of the City of Omaha; that they were qualified electors entitled to vote in general and special elections conducted under the home rule charter of the City of Omaha; and that they were taxpayers of the City of Omaha. Their claims for relief set out in their petition were essentially identical with the claims set out in the *Hall* case, though the allegations of facts and conclusions were set out in only five pages. Green and Hassett alleged that in an effort to obtain the exclusive rights to develop and market a cable television system (CATV) for Omaha, Nebraska, the defendant Cox Cable of Atlanta and eight individual defendants formed Cox Cable of Omaha, Inc. (Cox Cable); that the eight individual defendants entered into an agreement with Cox Cable of Atlanta, the purpose of which agreement was to lend their names, their connections, and their lobbying efforts to Cox Cable in dealing with the Omaha City Council. The petition alleged that the franchise awarded by the City of Omaha to Cox Cable was invalid because (a) it was issued in violation of § 11 of the home rule charter of the City of Omaha, (b) it was the result of favoritism, collusion, and undue influence, (c) it constituted constructive fraud upon the public and the costs of the unconscionable premium or commission Cox Cable of Atlanta was paying the individuals must be borne by the cable television user, (d) it was a breach of the city's fiduciary duty to prospective users, (e) the award came about after Cox Cable and the eight individuals violated the "no lobby rule" adopted by the city council, (f) no valid legal rate could be assessed under it, (g) it was in violation of public policy, and (h) it resulted in unjust enrichment to the individual defendants. The peti-

tion prayed that the contract be declared null and void or, in the alternative, that the court reform the contract by excising from it all unlawful and unfair aspects as shown by the evidence and impose a constructive trust upon the shares of stock representing a 20 percent ownership of Cox Cable by the individual defendants. Each and all of the defendants filed demurrers to the petition. On August 31, 1981, the trial court sustained the demurrers and dismissed the plaintiffs' petition.

As we noted in *Hall, supra,* because this case was decided by the trial court on a demurrer, we must, when reviewing this case, consider all proper allegations of fact as true. *Paasch v. Brown,* 193 Neb. 368, 227 N.W.2d 402 (1975); *Hester v. Young,* 154 Neb. 227, 47 N.W.2d 515 (1951). We are not, however, to consider mere conclusions or bald assertions not reasonably reached from proper facts alleged. See, *Retail Section of Chamber of Commerce of Plattsmouth v. Kieck,* 128 Neb. 13, 257 N.W. 493 (1934); *Timmerman v. Hertz,* 195 Neb. 237, 238 N.W.2d 220 (1976).

As we indicated in the *Hall* case, the first question we must determine is whether the appellants Green and Hassett have standing to maintain this action. Most of the issues raised in this case are controlled by our decision in the *Hall* case. Green and Hassett first maintain that they are members of the city council of the City of Omaha. That gives them no standing to bring this action because, as members of the city council, neither Green nor Hassett have suffered any special injury peculiar to themselves aside from and independent of the general injury to the public if in fact any injury exists. See *West Fort Residents Assn. v. Housing Auth. of City of Omaha,* 205 Neb. 397, 288 N.W.2d 27 (1980). Green and Hassett have no greater standing to sue generally as members of a city council than Hall had standing to sue as a resident. See *Hall, supra.* Absent such

special legal injury, city council members have no right to litigate the validity of a city ordinance solely on the basis of being members of a council whose position has been rejected. See, *Warden v. Hart,* 162 Wis. 495, 156 N.W. 466 (1916); *Cablevision of Chicago v. Colby Cable Corp.,* ____ Ind. App. ____, 417 N.E.2d 348 (1981).

As to their claim that they are electors entitled to vote in general and special elections and therefore entitled to maintain this action, our decision in *Hall* today disposes of that claim, and we need not repeat it again here.

That leaves only their claim that they are taxpayers of the City of Omaha. The law in this jurisdiction is quite clear that a taxpayer may not maintain an independent suit against a municipality unless certain conditions exist. As we noted in *West Fort Residents Assn.,* a person seeking to restrain the acts of a municipal body must show some special injury peculiar to himself aside from and independent of the general injury to the public unless "it involves an illegal expenditure of public funds or an increase in the burden of taxation." *Id.* at 399, 288 N.W.2d at 29. See, also, *Stahmer v. Marsh,* 202 Neb. 281, 275 N.W.2d 64 (1979). There is no allegation of fact in this case that there has been either an illegal *expenditure* of funds or an *increase* in the burden of taxation. Appellants make no claim that tax funds were in any manner expended by the city as a result of the allegedly illegal granting of the franchise to Cox Cable. Merely alleging in a conclusory manner that the awarding of this nonexclusive franchise "exposes" the city to liabilities that the taxpayers would be responsible for, without also alleging facts showing that such liabilities, if any, were illegal or would result in an increase in the burden of taxation, is insufficient to state a cause of action entitling a taxpayer to maintain an action to declare the acts of a governmental subdivision void. *Kirby v. Omaha*

*Bridge Commission,* 127 Neb. 382, 255 N.W. 776 (1934); *Holland v. Brownville Grain Co.,* 174 Neb. 742, 119 N.W.2d 304 (1963). Having failed to make such allegation, the taxpayers here have no standing to sue.

Green and Hassett urge us to permit them to maintain this action because it is "of great public concern and may elsewise go unchallenged unless the taxpayer's suit is permitted," and in support of that position cite to us our recent decision in *Cunningham v. Exon,* 202 Neb. 563, 276 N.W.2d 213 (1979). Their reliance on *Cunningham* in this case is misplaced. *Cunningham* involved a question as to whether a portion of the Nebraska Constitution had not inadvertently been omitted when the Secretary of State printed the Constitution following an election of the people to amend the Constitution. As important as television may have become to the modern American way of life, it has not yet reached the level of the Constitution. The issue involved herein is not of the great public concern involved in *Cunningham,* a unique and limited situation.

The trial court was therefore correct in sustaining the demurrers. The judgment of the trial court is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.