GERARD W. VAN HEEK ET AL., APPELLANTS, V. COUNTY OF KNOX, STATE OF NEBRASKA, A POLITICAL SUBDIVISION, ET AL., APPELLEES.

334 N.W.2d 641

Filed June 3, 1983. No. 82-337.

William Horneber of Uhlir & Horneber, for appellants.

Steven A. Scholer, Knox County Attorney, and John Thomas, former Knox County Attorney, on briefs, for appellees County of Knox and Board of Supervisors.

Birmingham & Scholer, for appellee Arens.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

This is an appeal from the order of the District Court for Knox County, Nebraska, sustaining appellees' (Knox County, its board of supervisors, and others) motion for summary judgment and dismissing the plaintiffs' action.

The appeal does not present any difficult questions of law; the difficulty is the form of the action.

The county board of Knox County granted the application of one Allan Arens to rezone a 13.737-acre parcel of rural real estate from agricultural to commercial and assented by resolution to the Nebraska Environmental Control Department issuing a license to Arens to operate a sanitary landfill.

Appellants (protestants before the county board) asserted in the District Court, as they do here, that the action filed by them in the District Court was an appeal from the rezoning decision of the Knox County board. They cite as authority for the appeal Neb. Rev. Stat. § 23-168.04 (Reissue 1977), which relates to "appeals" from the decision of the boards of adjustment. The statute is clearly not applicable to the county board of supervisors' action. The statute allows any officer, department, board, or bureau of the county to appeal a decision of the boards of adjustment, in addition to any person aggrieved by the

decision of the boards of adjustment. The statute was not meant to authorize appeals from a county board other than the boards of adjustment.

Appellants acknowledge that the action of the county board in granting the rezoning application was legislative in character, but disregard the square holding in *Copple v. City of Lincoln*, 210 Neb. 504, 315 N.W.2d 628 (1982), and *Scottsbluff Improvement Assn. v. City of Scottsbluff*, 183 Neb. 722, 164 N.W.2d 215 (1969), that no direct appeal lies from the exercise of legislative authority and that the only remedy is by collateral attack. Insofar as the action purports to be an appeal, the District Court did not acquire jurisdiction, nor do we.

As neither the District Court nor this court has jurisdiction over a direct appeal from a legislative decision, we will not discuss the errors assigned relating to alleged deficiencies in the notice of county board meetings, except to note that each of the parties to the original appeal to the District Court was present at the meeting and voiced no objection at that meeting and cannot be heard to complain at a later date. *Alexander v. School Dist. No. 17*, 197 Neb. 251, 248 N.W.2d 335 (1976).

AFFIRMED.