NEBRASKANS AGAINST EXPANDED GAMBLING, INC., AND BRIAN FONTANA, APPELLANTS, V. NEBRASKA HORSEMEN'S BENEVOLENT & PROTECTIVE ASSOCIATION ET AL., APPELLEES.

605 N.W.2d 803

Filed January 28, 2000.    No. S-98-828.

Todd E. Frazier and C.G. Jolly, Jr., of Frazier, Wieland, Bataillon & Katz, for appellants.

Don Stenberg, Attorney General, and L. Jay Bartel for appellees Janell Beveridge, Allan Eurek, and Dennis Lee.

Michael J. Lehan and Jeffery R. Kirkpatrick, of Kelley, Lehan & Hall, P.C., for appellee Nebraska Horsemen's Benevolent & Protective Association.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellants, Nebraskans Against Expanded Gambling, Inc. (NAEG), and Brian Fontana, brought the instant action against the Nebraska Horsemen's Benevolent & Protective Association (NHBPA) and the commissioners of the Nebraska State Racing Commission (collectively the appellees). The NHBPA had received licenses from the commission to conduct simulcast horseracing. The appellants sought a declaratory judgment that any simulcast racing events conducted by NHBPA

were contrary to Neb. Rev. Stat. § 2-1204 (Reissue 1991), Neb. Rev. Stat. §§ 2-1207 and 2-1228 (Reissue 1997), and Neb. Const. art. III, § 24; that the commissioners exceeded their statutory authority in approving the license applications of NHBPA; and that the licenses were null and void. The appellants further sought injunctive relief. The district court sustained the appellees' demurrers on the basis that the appellants lacked standing to assert claims based on § 2-1207, § 2-1228, and article III, § 24, of the Nebraska Constitution and that the petition failed to show the existence of an actual case or controversy based on § 2-1204. We conclude that the appellants lack standing to sue on all causes of action and dismiss the appeal.

## BACKGROUND

NAEG is a nonprofit corporation licensed and organized under the laws of the State of Nebraska. Its corporate purpose is to protect the families and the citizens of the state and Douglas County from the proliferation of gambling. The members of NAEG are residents and taxpayers of the state and have expressly authorized NAEG to bring the instant action on their behalf. Appellant Fontana is also a citizen and taxpayer of Nebraska.

The commissioners are charged with the duty to regulate and supervise the horseracing industry in Nebraska and to enforce all state laws relating to horseracing, and they have the authority to issue, revoke, or suspend licenses to entities engaged in simulcast horseracing in Nebraska. NHBPA is a nonprofit organization composed of members engaged in the horseracing industry in Nebraska.

On December 17, 1997, the commissioners voted to approve NHBPA's applications for interstate simulcast licenses. During 1997, NHBPA did not conduct live horseracing events, but on approximately January 3, 1998, NHBPA commenced the simulcasting of horseraces at Horsemen's Park in Omaha, Nebraska, pursuant to the licenses. For their first cause of action, the appellants allege that the commissioners' act of granting the licenses was in violation of § 2-1228 and was an abuse of power because pursuant to § 2-1228, licenses cannot be granted unless the organization seeking the license conducted at least 70 percent of the live races it was authorized to conduct in the prior year.

For their second cause of action, the appellants allege that NHBPA did not have a "racetrack" facility. Based on this, the appellants allege that the commissioners exceeded their statutory authority under § 2-1207 and article III, § 24, of the Nebraska Constitution because these provisions only permit wagering within the enclosure of a "racetrack."

For their third cause of action, the appellants allege that one or more members of NHBPA received personal profits from the activities at Horsemen's Park. Based on this, the appellants allege that NHBPA was not eligible for simulcast licenses under § 2-1204 because § 2-1204 allows only organizations whose members do not derive personal profits from its activities to apply for licenses. The appellants further allege that unless restrained, the appellees will continue to act pursuant to the licenses and engage in illegal gambling. The appellants then pray for a declaratory judgment and injunctive relief.

The appellees each demurred to the petition. Each demurrer listed failure to state facts sufficient to state a cause of action as a reason for the demurrer. On the first two causes of action, the district court sustained the demurrers on the basis that the appellants lacked standing. Specifically, the district court determined that NAEG and its members could not show that they had any legally protected interest at stake in the controversy that rose above the general public's desire to have state officials act within their authority. The district court further determined that NAEG and Fontana did not have taxpayer standing because the action was not brought to enjoin the expenditure of public funds raised for a governmental purpose.

On the third cause of action, the district court sustained the demurrer on the bases of a lack of standing and a lack of an actual case or controversy. The district court then determined that the defects could not be corrected by amendment and dismissed the action.

## ASSIGNMENT OF ERROR

The appellants assign that the district court erred in sustaining the appellees' demurrers on the bases that the appellants lacked standing to bring the action and that the third cause of action failed to state a claim.

## STANDARD OF REVIEW

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Cross v. Perreten*, 257 Neb. 776, 600 N.W.2d 780 (1999); *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998).

If, upon the sustainment of a demurrer, it is clear that no reasonable possibility exists that an amendment will correct a pleading defect, leave to amend need not be granted. *Billups v. Scott*, 253 Neb. 287, 571 N.W.2d 603 (1997).

## ANALYSIS

The appellants contend that as taxpayers, they have standing in the instant action because the alleged illegality of the government action is of great public concern. We disagree.

We have repeatedly held that in order for a party to establish standing to bring suit, it is necessary to show that the party is in danger of sustaining direct injury as a result of anticipated action, and it is not sufficient that one has merely a general interest common to all members of the public. *Ritchhart v. Daub*, 256 Neb. 801, 594 N.W.2d 288 (1999). A person seeking to restrain the act of a public board or officer must show special injury peculiar to himself or herself aside from and independent of the general injury to the public unless it involves an illegal expenditure of public funds or an increase in the burden of taxation. See, *id.*; *Rexroad, Inc. v. S.I.D. No. 66*, 222 Neb. 618, 386 N.W.2d 433 (1986); *Niklaus v. Miller*, 159 Neb. 301, 66 N.W.2d 824 (1954). An exception to this general rule exists where matters of great public concern are involved and a legislative enactment may go unchallenged unless the plaintiff has the right to bring the action. *Cunningham v. Exon*, 202 Neb. 563, 276 N.W.2d 213 (1979). See, also, *Ritchhart v. Daub, supra* (threshold question is whether there exists another party whose interests are more at issue in action).

In *Cunningham*, we determined that a taxpayer's interest in the form of government under which he or she was required to

live, or any proposed change thereof, was an interest of great public concern. Thus, where a taxpayer was challenging the validity of the publication of a constitutional amendment, we concluded that the taxpayer had standing. In contrast, in *Green v. Cox Cable of Omaha, Inc.*, 212 Neb. 915, 327 N.W.2d 603 (1982), we concluded that taxpayers did not have standing to challenge a municipality's award of a cable franchise. Distinguishing the circumstances in *Green* from those in *Cunningham*, we noted that *Cunningham* dealt with the question of whether a portion of the Nebraska Constitution had been properly published while the issue of television service in *Green* did not present a constitutional issue.

In the instant case, the appellants have asserted only a general interest common to all members of the public. In all three causes of action, the injury alleged is not an injury peculiar to the interests of the appellants and the allegations do not involve the illegal expenditure of public funds or an increase in the burden of taxation. Although the appellants contend that their interests in preventing the proliferation of gambling and having public officials act within their statutory boundaries are matters of great public concern, these interests do not rise to the level of the issue presented in *Cunningham*. Further, to the extent that a cause of action might exist, the parties capable of asserting such an action would be participants in the horseracing industry who faced direct harm due to a violation of the statutory sections at issue. See, generally, Neb. Rev. Stat. § 2-1246 (Reissue 1997). Thus, our decisions in *Ritchhart* and *Green* are controlling in all three of the appellants' alleged causes of action. Further, we agree with the conclusion of the district court that the standing defect cannot be cured by amending the petition. Accordingly, the district court was correct in dismissing the action.

## CONCLUSION

The district court was correct in sustaining the demurrers of the appellees and dismissing the first two causes of action on the basis that the appellants lacked standing to sue. To the extent the district court sustained the demurrers of the appellees and dismissed the third cause of action on the basis of standing, the district court was also correct.

APPEAL DISMISSED.