**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the Governor on Oct. 20, 1971.

Answered Nov. 3, 1971.

ANSWER OF THE JUSTICES

TO THE HONORABLE KENNETH M. CURTIS, GOVERNOR OF THE STATE OF MAINE:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, the undersigned Justices of the Supreme Judicial Court, having considered the questions submitted by Your Excellency, answer as follows:

### QUESTION 1

Since the two questions are closely related and our answer to Question 2 will resolve the relevant issues raised by both questions, we deem it unnecessary to discuss Question 1 separately.

### QUESTION 2

We answer Question 2 by fixing the expiration date as December 31, 1971.

Section 2 of Part Second of Article IV of the Constitution as amended by Article CX effective November 17, 1969 provides:

"Section 2. Division. The Legislature which shall convene after the adoption of this amendment shall cause the State to be divided into districts for the choice of a Senator from each district. The Legislature every tenth year thereafter shall do likewise. The number of Senators to constitute the Senate shall be divided into the number of inhabitants of the State to determine a median population figure for each Senatorial District. Each Senatorial District shall have equal population as nearly as practicable. The number of inhabitants of the State shall be that determined by the latest Federal Decennial Census.

"In the event that the Legislature shall fail to make an apportionment, the Supreme Judicial Court shall, within sixty days following the end of the period in which the Legislature is required to act, but fails to do so, make the apportionment."

In construing this amendment we must seek to ascertain legislative intent. In so doing we cannot examine the amendment apart from the question placed before the voters when the amendment was adopted by referendum. By Chapter 28 of the Resolves of the State of Maine of 1969 the Legislature simultaneously adopted the amendment and framed the question for referendum in these terms:

"Shall the Constitution be amended as proposed by a resolution of the Legislature to provide for an odd numbered Senate of not less than thirty-one nor more than thirty-five Senators *following the constitutionally required reapportionment in 1971*?" (Emphasis supplied)

■ Although the question prepared by the Legislature for submission to the electorate forms no part of the amendment, (Cummings v. Eastman (1927) 126 Me. 147, 136 A. 810), it may properly be considered as an aid to the construction of an ambiguous amendment. Moreover, an amendment presented to the voters by means of a question which is clearly misleading is void and of no effect. Lane v. Lukens (1929) 48 Idaho 517, 283 P. 532; Ex parte Tipton (Smith v. Smith) (1956) 229 S.C. 471, 93 S.E.2d 640. Since the question as framed offered assurance to the voters that the legislative reapportionment process, a lawmaking process of which action by the Governor therefore forms a part, would in the first instance be completed in the calendar year 1971, we look to the language of the amendment to ascertain whether it may be fairly construed so as not to produce a result inconsistent with the question.

■ Although the amendment language is general, it is apparent that an identifiable time limitation was contemplated. Significantly, the computation of the period within which the Supreme Judicial Court must act was fixed as "sixty days following the end of the period in which the Legislature is required to act." The requirement that the Legislature is to reapportion "every tenth year thereafter" presupposes a determinable calendar year on which the computation may be based. When a time limitation is obviously contemplated but not expressly stated, the amendment should be construed as requiring that the entire legislative process be completed with reasonable promptness. What will constitute "reasonable promptness" will depend upon the particular facts and circumstances and above all upon the apparent legislative scheme. The use of the "latest Federal Decennial Census," in this case that of 1970, suggests the recognized desirability of utilizing these census figures as soon as practicable and while they are still relatively correct and accurate. Any unnecessary delay which would have the effect of preventing the next election of a Senate in 1972 from being held in accordance with a new apportionment plan would seem to be an unreasonable delay not within the contemplation of the Legislature. The legislative plan as we construe it takes into account such practical considerations as the time necessary for preparation for a primary election in 1972 and is intended to provide adequate time therefor even in the event that the legislative process should not be completed by December 31, 1971 and it should then become necessary for the Supreme Judicial Court to act. We conclude, therefore, that the language of the amendment and its manifest purpose is not in conflict with the language of the question placed before the voters and may be fairly construed as requiring that the authority of the 105th Legislature to complete performance of its assigned constitutional task will expire on December 31, 1971. Since less than two months remain in the calendar year 1971, as a caveat we direct attention to the fact that any legislative action upon a new bill or resolve, if such be required or undertaken, can be effective only as emergency legislation.

Respectfully submitted:

ARMAND A. DUFRESNE, JR.

DONALD W. WEBBER

RANDOLPH A. WEATHERBEE

CHARLES A. POMEROY

SIDNEY W. WERNICK

JAMES P. ARCHIBALD