JAMES R. CUNNINGHAM, APPELLEE, V.
J. JAMES EXON ET AL., APPELLANTS.

300 N.W.2d 6

Filed December 19, 1980. No. 42989.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellants.

Robert B. Crosby and Steven G. Seglin of Crosby, Guenzel, Davis, Kessner & Kuester for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

WHITE, J.

In *Cunningham v. Exon*, 202 Neb. 563, 276 N.W.2d 213 (1979), the question on appeal was whether plaintiff-taxpayer had standing to bring an action for a declaratory judgment that art. VII, § 11, of the Nebraska Constitution was not amended at the 1976 general election in such a way that the third full paragraph of that section was repealed. We reversed the District Court's dismissal of the action and remanded the case for a trial on the merits. The District Court found for the plaintiff. We affirm.

Art. XVI, § 1, of the Nebraska Constitution requires that amendments proposed by the Legislature be put to a vote of the people and that any such proposed amendments adopted by the people shall become part of the Constitution. The amendments voted on in the 1976 election were proposed by the Legislature in 1976 Neb. Laws, L.B. 666. Before the 1976 general election, art. VII, § 11, provided, in part:

"Sec. 11. Appropriation of public funds shall not be made to any school or institution of learning not owned or exclusively controlled by the state or a political subdivision thereof.

"All public schools shall be free of sectarian instruction.

"The state shall not accept money or property to be used for sectarian purposes; *Provided*, that the Legislature may provide that the state may receive money from the federal government and distribute it in accordance with the terms of any such federal grants, but no public funds of the state, any political subdivision, or any public corporation may be added thereto."

L.B. 666, as adopted by the Legislature, reads as follows:

"AN ACT for submission to the electors of amendments to Article VII, section 11, of the Constitution of Nebraska, relating to education; to permit contracting for nonsectarian services for handicapped children; to permit aid for nonsectarian purposes for postsecondary students; to prohibit the use of public funds for sectarian purposes; to provide for the time and manner of submission and form of ballots; and to provide the effective date thereof.

"Be it enacted by the people of the State of Nebraska,

"Section 1. That at the general election in November, 1976, there shall be submitted to the electors of the State of Nebraska for approval the following amendment to Article VII, section 11, of the Constitution of Nebraska, and the further amendment of Article VII by the addition of new section 11A thereto, which are hereby proposed by the Legislature:

"'Sec. 11. Notwithstanding any other provision in the Constitution, ~~Appropriation~~ appropriation of public funds shall not be made to any school or institution of learning not owned or exclusively controlled by the state or a political subdivision thereof; Provided, that the Legislature may provide that the state or any political subdivision thereof may contract with institutions not wholly owned or controlled by the state or any political subdivision to provide for educational or other services for the benefit of children under the age of twenty-one years who are handicapped, as that term is

from time to time defined by the Legislature, if such services are nonsectarian in nature. [This is the language represented on the November ballot by Part 1.]

"All public schools shall be free of sectarian instruction.

"~~The state shall not accept money or property to be used for sectarian purposes, Provided, that the Legislature may provide that the state may receive money from the federal government and distribute it in accordance with the terms of any such federal grants, but no public funds of the state, any political subdivision, or any public corporation may be added thereto.~~ [This is the paragraph in question.]

"A religious test or qualification shall not be required of any teacher or student for admission or continuance in any school or institution supported in whole or in part by public funds or taxation.

"Sec. 11A. Notwithstanding any other provision in the Constitution, the Legislature may provide financial aid in the form of loans or grants to students attending postsecondary educational institutions not wholly owned or controlled by the state or a political subdivision thereof if such aid is expressly limited to nonsectarian purposes. The Legislature may provide that the state may receive money from the federal government and distribute it in accordance with the terms of any such federal grants, but any public funds of the state, any political subdivision, or any public corporation added thereto shall not be used for sectarian purposes.' [This is the language represented on the November ballot by Part 2.]

"Sec. 2. The proposed amendments shall be submitted to the electors in the manner prescribed by Article XVI, section 1, of the Constitution of Nebraska. The proposition for the submission of the proposed amendments shall be placed upon the ballots in the following form:

"'Constitutional amendment to permit contracting with institutions not wholly owned or controlled by the state or any political subdivision for nonsectarian services for handicapped children.

"For

"Against

"Constitutional amendment to permit financial aid for nonsectarian purposes to students attending postsecondary educational institutions not wholly owned or controlled by the state or a political subdivision thereof; and to prohibit the expenditure of public funds, added to funds received from the federal government, for sectarian purposes.

"For

"Against'

"Sec. 3. That the proposed amendments, if adopted, shall be in force and take effect immediately upon the completion of the canvass of the votes, at which time it shall be the duty of the Governor to proclaim them as a part of the Constitution of Nebraska."

At the 1976 general election in November, the proposed changes of art. VII, § 11, were presented to the voters in two parts. Part 1 appeared on the ballot as follows:

"PART 1

"A vote FOR this proposal will enable the Legislature to enact legislation providing that the state or any political subdivision may contract with non-public institutions for the provision of educational or other services to handicapped children as long as the services are nonsectarian in nature.

"A vote AGAINST this proposal will continue the present situation whereby neither the state nor any political subdivision may contract with non-public institutions for the provision of educational or other services to handicapped children even though non-sectarian in nature.

"☐ For    Constitutional amendment to permit contracting with institutions not wholly owned or controlled by the state or any
☐ Against political subdivision for nonsectarian services for handicapped children." Adoption of this amendment would have added the language underlined in the portion of L.B. 666 labelled "Sec. 11."

Part 2 was presented to the voters in the following manner:

"PART 2

"A vote FOR this proposal will authorize the Legislature to provide loans or grants to students attending non-public post high school educational institutions as long as such financial aid is expressly limited to nonsectarian purposes; and will require that any public funds used to match federal grants to be used to provide services to students in non-public schools must not be used for sectarian purposes.

"A vote AGAINST this proposal will prevent the Legislature from providing loans or grants to students attending non-public post high school educational institutions; and will continue the present provision prohibiting the use of any public funds to match federal grants to be used to provide services to students in non-public schools even if nonsectarian in nature.

"☐ For    Constitutional amendment to permit financial aid for nonsectarian purposes to students attending postsecondary edu-
☐ Against cational institutions not wholly owned or controlled by the state or a political subdivision thereof; and to prohibit the expenditure of public funds, added to funds received from the federal government, for sectarian purposes." Adoption of this amendment would have added the new § 11A.

The voters adopted the amendment represented by Part 1 and rejected the amendment proposed in Part 2. The state's argument in this case is that the adoption

of the one amendment resulted in the repeal of paragraph 3 of the existing art. VII, § 11.

The method for amending the Nebraska Constitution, including the repeal of language, is prescribed by that Constitution. The provisions are set out in art. XVI, § 1. *Swanson v. State*, 132 Neb. 82, 271 N.W. 264 (1937). The adoption by the Legislature of a proposed amendment does not amend the Constitution. Only the electorate can amend the Constitution by adopting the proposal by a majority vote. Neither of the proposals submitted to the electorate at the 1976 general election provided for the repeal of any language in art. VII, § 11, and there was no instruction on the ballot that a vote for the amendment in Part 1 was a vote to repeal paragraph 3 of § 11. A proposed amendment to repeal paragraph 3 was not submitted to the electorate. Because the proposed repeal of paragraph 3 of art. VII, § 11, was not voted on by the electors, that provision remains in the Constitution unless the amendment adopted by the voters conflicts with it. In that situation, the newer provisions would control and the prior provisions would be implicitly repealed. *Swanson v. State, supra* at 94, 271 N.W. at 271. However, "[i]t will also be remembered that, while a clause in a constitutional amendment will prevail over a provision in the original instrument inconsistent with the amendment, 'distinct constitutional provisions are repugnant to each other only when they relate to the same subject, are adopted for the same purpose, and cannot be enforced without substantial conflict.'" *Id.*, quoting 12 C.J. *Constitutional Law* § 56 (1917). The language of the amendment proposed in Part 1, and adopted by the voters, is not inconsistent with the provisions existing in paragraph 3 of art. VII, § 11, of the Constitution. The adoption of the amendment did not implicitly repeal the language in paragraph 3.

The electorate did not vote to adopt an amendment which expressly repealed the language in paragraph 3. Because the amendment expressly adopted by the

voters does not conflict with any existing provisions of the Constitution, no existing provisions were implicitly repealed by the adoption of this amendment. The language of art. VII, § 11, paragraph 3, should not be omitted from the Constitution.

The judgment of the District Court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurring in part and, in part, dissenting.

The Constitution of Nebraska may be amended by legislative proposals approved by the electorate, but this procedure requires submission of a definite proposal for approval or rejection by the voters.

1976 Neb. Laws, L.B. 666, proposed two amendments to art. VII of the Constitution. Section 11 was to be amended by adding language and deleting language; and a new section to be known as § 11A was to be added to art. VII. The two proposals were submitted separately.

It is unfortunate that the proposal to amend § 11, as printed on the ballot, described only a part of the proposed amendment. In such a case, it seems to me that the proposal was not fairly submitted and should be held to have failed of adoption.

The question prepared by the Legislature for submission to the electorate forms no part of the amendment, and an amendment presented to the voters by means of a question which is clearly misleading is void and of no effect. Opinion of the Justices, 283 A.2d 234 (Me. 1971). The Legislature cannot propose one question and submit to the voters another. *Lane v. Lukens*, 48 Idaho 517, 283 P. 532 (1929). See, also, *Ex parte Tipton*, 229 S.C. 471, 93 S.E.2d 640 (1956).