REQUESTED BY: Senator Vard Johnson State Capitol Lincoln, NE
Dear Senator Johnson:
In your letter of February 26, 1981, you direct our attention to Legislative Bill 138 which would propose a constitutional amendment which would permit the Legislature to set its own salary so long as the salary established did not exceed one-third of the Governor's then existing salary. With this matter in mind you then raise several questions.
First, you ask can more than one amendment affecting legislative salaries be placed on a single ballot? We are aware of no constitutional prohibition against offering any number of constitutional amendments dealing with the same subject matter on any given ballot at any given election. In reaching this conclusion we would further be of the opinion that one piece of legislation proposing such constitutional amendments would suffice. In Opinion No. 211 found in the Reports of the Attorney General for 1971-72 we were of the opinion that the Legislature's submission of an amendment to the constitution is a mere proposal and that therefore it is not in fact a bill as that word is used in Article III, Section 14 of the constitution of the State of Nebraska which prohibits any given bill from containing more than one subject.
You further inquire if in fact more than one constitutional amendment can be proposed at the same election dealing generally with the same subject what the result would be in the event two or more of these amendments were adopted by the electorate. A difficulty would arise only to the extent the amendments adopted were inconsistent or incompatible with one another. As a general principle of law, if two provisions are irreconcilably repugnant the last in order of time is to be preferred. 16 C.J.S. Constitutional Law § 26. It should be noted that this rule is to be applied only as a last resort and only when it is impossible to harmonize the provisions by any reasonable construction.
It is difficult for us to envision all of the possibilities in advance of any such occurrence taking place; however, we draw your attention to the fact that an amendment does not become effective simply by having been adopted by a majority vote of the electors but only becomes effective after being certified by the state Canvasing Board and being proclaimed by the Governor. Swanson v. State, 132 Neb. 12,271 N.W. 264 (1937). Therefore, the amendment's relative position on the ballot would not necessarily be determinative of which amendment was adopted last, the date of the Governor's proclamation being determinative of that factor.
You next inquire as to the result if one amendment involving legislative salaries was placed on the May, 1982 primary ballot and carries and another inconsistent amendment were placed on the November, 1982 general election ballot and also carried. In this factual context we would be of the opinion that the rule concerning the last constitutional amendment to be adopted receiving preference would be applicable and controlling. Swanson v. State, supra; andCunningham v. Exon, 207 Neb. 513, ___ N.W.2d ___ (1980).
We would suggest however that inasmuch as it is the Legislature in this instance which would be proposing any such amendment or amendments and the time of their submission that great care be taken to avoid proposing two inconsistent alternative proposals unless they were offered to the voters as one proposed amendment perhaps with the voters being offered a choice between alternatives. The presentation of alternative choices to the electorate has been held to be entirely proper. See in this regard generally 16 C.J.S. Constitutional Law § 9.
You finally ask in the event any amendment is adopted altering the legislative salaries when the salaries of the members of the Legislature could reflect that amendment. You indicate in your letter an awareness of Article III, Section 19 of the Constitution of the State of Nebraska which provides as is pertinent here that the compensation of a member of the Legislature may not be increased or diminished during his or her term of office except that when, as is the case here, the terms of the various members of the Legislature commence and end at different times then the compensation of all members of the Legislature may be increased at the beginning of the first full term of any member thereof.
As you are well aware, at the general election held every two even numbered years, one-half of the members of the Legislature are elected. As you are also no doubt aware, our constitution provides that the term of office of the members of the Legislature shall begin on the first Wednesday after the first Monday in the month of January following their election. See in this regard Article III, Section 19
of the Constitution of the State of Nebraska.
Therefore, if an amendment actually increasing salaries were adopted either at the primary election in 1982 or at the general election in November of 1982 the salaries of all members of the Legislature could be increased as of the first Wednesday after the first Monday in January of 1983 if the Governor accomplished his proclamation on the amendment prior to the date those members elected at the general election in 1982 took office.
If on the other hand the amendment only authorized the Legislature to set its own salaries, perhaps within certain limits, it would be impossible for the Legislature to take this action, absent a special session, prior to the time they took office in January of 1983. Therefore any action taken by the Legislature concerning salaries could not become effective with the beginning of the next full term of one half of the members in January of 1985.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General