REQUESTED BY: Senator Bernice Labedz Member of the Legislature Room 2010, State Capitol Lincoln, NE 68509
Dear Senator Labedz:
In your letter of January 8, 1982, you ask our opinion on the effect of the adoption of the two constitutional amendments concerning legislative salaries contained in LB 138 and LB 531. Specifically, you are concerned with the possible adoption of the amendment contained in LB 138 in the 1982 primary election, and the subsequent adoption of the constitutional amendment contained in LB 531 in the 1982 general election.
LB 138 eliminates the current language contained in Article III, Section 7, concerning salaries to be paid to legislators and substitutes new language about salaries in its place. LB 138 was passed in the last session of the Legislature and the amendment contained therein will be on the 1982 primary ballot. LB 531, on the other hand, eliminates the existing language in Article III, Section 7, concerning legislative salaries, provides specifically that legislators shall receive no compensation, and states that each member shall be reimbursed for actual expenses incurred in the performance of his or her duties. This bill is currently on final reading, and also provides that this amendment would be placed on the 1982 primary ballot.
You state in your letter that if both constitutional amendments were passed on the primary ballot the one receiving the greatest number of votes would prevail. This assumption does not appear to be correct. In the case of In reSenate File 31, 25 Neb. 864 (1889), the court was faced with a similar question involving two conflicting and irreconcilable constitutional amendments which were to be offered on the same ballot. The court noted that, `If both should receive a majority of all the votes cast, however, the amendments being irreconcilable, both would fail.' Id.
at 881. Since the above proposed amendments likewise appear to be irreconcilable, should both receive a majority of votes in the 1982 primary election, which is the only requirement for passage of an amendment, then the same logic would apply and both would fail.
If the amendment contained in LB 138 was adopted in the 1982 primary election, and the amendment contained in LB 531 was subsequently adopted in the 1982 general election, the results would appear to be different. Even though the amendment contained in LB 531 does not eliminate the specific language contained in the LB 138 amendment, which would then be a part of the existing Constitution, the language contained in the new amendment would necessarily be in conflict with the existing language. `In that situation, the newer provisions would control and the prior provisions would be implicitly repealed.' Cunningham v. Exon, 207 Neb. 513, at 519, 300 N.W.2d 6 (1980). Consequently in such a situation, the amendment contained in LB 531 would in effect repeal the language of the amendment adopted in LB 138 and would accordingly govern the content of the provisions of Article III, Section 7 of the Nebraska Constitution.
Very truly yours,
PAUL L. DOUGLAS Attorney General
John Boehm Assistant Attorney General