**Lawrence LOCKMAN, et al.**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued Oct. 9, 1996.

Decided Oct. 30, 1996.

---

Stephen C. Whiting, Douglas, Whiting, Denham & Rogers, Portland, Bruce Fein (orally), McLean, VA, for Plaintiffs.

Andrew Ketterer, Attorney General, Paul Stern (orally), Assistant Attorney General, Augusta, for Defendant.

Before WATHEN, C.J., and GLASSMAN, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Plaintiffs, Lawrence Lockman and Forest French, appeal from a judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) denying their requests to enjoin the Secretary of State from placing a competing measure on the November 1996 ballot prepared for a citizen-initiated referendum concerning forestry practices. Plaintiffs contend that the court should have ruled that the Legislature and the Secretary of State failed to conform to the requirements of the Maine Constitution in enacting the competing measure and in preparing the ballots. Although we decline to adopt the court's rationale, we agree that plaintiffs have failed to demonstrate any constitutional defect. Thus, we affirm the judgment.

The facts giving rise to this controversy may be summarized as follows: "An Act to Promote Forest Rehabilitation and Clearcutting" was proposed as citizen-initiated legislation to the 117th Legislature in 1995.[1] Because the Legislature declined to enact the initiated measure during its regular session, it is scheduled for submission to the voters by referendum at the November, 1996 election.[2] On September 7, 1996, in a special session, the Legislature enacted a "Resolution, Proposing a Competing Measure under the Constitution of Maine to Implement the Compact for Maine's Forests"[3] to be submitted to the voters as a competing measure along with the citizen-initiated measure.[4] Both measures propose standards for the management of forest lands in Maine. The Secretary of State prepared the ballot question for the citizen-initiative pursuant to 21–A M.R.S.A. § 906(6)(B) (Supp.1995).[5] The question reads: "Do you want Maine to ban clearcutting and set other new logging standards?" The Legislature prepared the ballot question for its competing measure and included it in the text of its resolution. It states: "Do you want the Compact for Maine's Forests to become law to promote sustainable forest management practices throughout the State?"[6] The ballot was prepared in the format specified in 21–A M.R.S.A. § 906(6)(D) (Supp.1995) and allows voters to indicate whether they support the citizen initiative, the competing measure, or neither.[7] The question pertaining to the competing measure appears on the printed ballots as written by the Legislature.

On September 13, 1996, plaintiffs filed in the Superior Court a petition for the review of a final agency action and a complaint seeking declaratory and injunctive relief. Plaintiffs alleged that the Legislature violated the separation of powers doctrine by usurping the Secretary of State's constitu-

---

1. L.D. 1819 (117th Legis.1995).

2. The Citizen's Initiative was certified by Secretary of State Diamond in the State of Maine Proclamation dated April 16, 1996.

3. 1996 Competing Measure Resolution, ch. 1.

4. Me. Const. art. IV, pt. 3, § 18(2) requires that "The [citizen-initiated] measure thus proposed, unless enacted without change by the Legislature at the session at which it is presented, shall be submitted to the electors together with any amended form, substitute, or recommendation of the Legislature, and in such manner that the people can choose between the competing measures or reject both."

5. Title 21–A M.R.S.A. § 906(6)(B) (Supp.1995) states: "The Secretary of State shall write the question in a simple, clear, concise and direct manner that describes the subject matter of the people's veto or direct initiative."

6. 1996 Competing Measure Resolution, ch. 1, § 20.

7. Title 21–A M.R.S.A. § 906(6)(D) (Supp.1995) states: "If the Legislature adopts a competing measure, the ballot must clearly designate the competing measure and allow voters to indicate whether they support the direct initiative, support the competing measure or reject both."

tional authority to write the ballot question for the competing measure, that the question is misleading, that the competing measure was invalidly enacted without a two-thirds majority vote of both Houses, that approving the competing measure only fifty-eight days before its submission to the voters violates the Maine Constitution, and that the competing measure must be presented in more than one question because it involves more than one issue. After a hearing, the court entered a judgment in favor of the Secretary of State, and plaintiffs now appeal.[8]

## I. The Legislature's Authority to Draft Ballot Questions For Competing Measures.

Initially, plaintiffs contend that the Maine Constitution requires the Secretary of State to formulate the ballot question for a competing measure in a referendum. They argue that by wording the ballot question in this case the Legislature usurped the Secretary's authority and violated the separation of powers doctrine. Their argument is premised on the conclusion that Me. Const. art. IV, pt. 3, § 20 directs the Secretary of State to write all competing measure questions for referendum ballots and thereby denies that authority to the Legislature. They rely on the last sentence in section 20 which states:

> The full text of a *measure* submitted to a vote of the people under the provisions of the Constitution need not be printed on the official ballots, but, until otherwise provided by the Legislature, the Secretary of State shall prepare the ballots in such form as to present the question or questions concisely and intelligibly.

(emphasis added)

In essence, the trial court ruled that, by preparing the question, the Legislature exercised its prerogative to make another provision for preparation of the ballot. We need not decide whether the Legislature is authorized to change the procedure on such an *ad hoc* basis because the last sentence of section

20 has no application to a competing measure. Section 20 contains the following definitional provision:

> As used in any of the 3 preceding sections or in this section the word(s) ... 'measure' means an Act, bill, resolve or resolution proposed by the people, or 2 or more such or part or parts of such, as the case may be...."

Accordingly, the language plaintiffs rely on is confined to acts, bills, or resolutions proposed by the people.

 The power granted to the Legislature of the State of Maine is plenary and subject only to those limitations placed on it by the Maine and United States Constitution. *See, League of Women Voters v. Secretary of State*, 683 A.2d 769 (Me.1996). There is no express limitation on the Legislature's authority to formulate ballot questions for constitutional amendments pursuant to Me. Const. art. I, § 4, bond referenda pursuant to Me. Const. art. IX, § 14, or statutory referenda pursuant to Me. Const. art. IV, pt. 3, § 19. Nor does the Constitution limit the Legislature's authority to formulate ballot questions for competing measures pursuant to Me. Const. art. IV, pt. 3, § 18(2).

Plaintiffs argue in the alternative that the Legislature has limited its own authority by delegating it to the Secretary of State pursuant to 21–A M.R.S.A. §§ 901–906 (1993 & Supp.1995). These sections guide the exercise of the authority granted to the Secretary of State by section 20 of the Constitution and are confined to implementing the "people's veto referendum or the direct initiative of legislation." 21–A M.R.S.A. § 901. *See also* 21–A M.R.S.A. § 906(6)(B). ("The Secretary of State shall write the question in a simple, clear, and concise manner that describes the subject matter of the people's veto or direct initiative.") Although the statute does make one reference to competing measures, it merely directs the Secretary of State to des-

---

**8.** Although the issue of standing has not been raised, we conclude that plaintiffs have alleged a sufficiently "particularized interest in this controversy that assures that the issues will be litigated between parties having substantial, adverse interests." *McCaffrey v. Gartley*, 377 A.2d 1367,

1370 (Me.1977). At a minimum, adversity is assured by the fact that Forest French is a resident of Maine, a registered voter, and the owner of a woodlot that could be adversely affected if the competing measure is enacted.

ignate the competing question as a competing measure.[9]

Because the Legislature's plenary power to write ballot questions for competing measures has not been limited by the Maine Constitution there has been no violation of the separation of powers doctrine and the Secretary of State has not abdicated any constitutional obligations in placing the question on the ballot.

## II. Misleading Question.

Plaintiffs next contend that the Legislature's ballot question is misleading because it implies that the compact for Maine's forests is necessary to sustain Maine's forests. The Superior Court held that it was without authority to review the ballot question.

 Courts do have limited authority to review a legislatively-drafted ballot question to determine if the question is so clearly misleading as to violate due process rights of the voters. The remedy is to declare the proposal void. A referendum "presented to the voters by means of a question which is clearly misleading is void and of no effect." *Common Cause v. State*, 455 A.2d 1, 14 (Me. 1983). In the *Opinion of the Justices*, 283 A.2d 234, 236 (Me.1971) it was stated that a constitutional amendment presented to the voters by means of a clearly misleading question is void. The ballot question before us, however, is not so misleading as to raise due process concerns. Reasonable voters who educate themselves will know that they have three choices for sustaining Maine's forests. The form of the question for the competing measure will not mislead them into believing that it is necessary in the sense that plaintiffs suggest.

## III. Two–Thirds Majority Vote of the Legislature.

 Because the competing measure and the ballot question were approved less than ninety days before the scheduled referendum, plaintiffs contend that a two-thirds vote of both Houses of the Legislature was

required. We disagree. In the *Opinion of the Justices*, 682 A.2d 661 (Me.1996), those Justices participating suggested that Me. Const. art. IV, pt. 3, § 16 does not apply to competing measures. In order to implement the people's veto, Me. Const. art. IV, pt. 3, § 17, section 16 provides that acts and resolves of the Legislature will not become effective until 90 days after the adjournment of a legislative session with an exception for emergency legislation passed by a two-thirds vote of both Houses. We now hold that section 16 applies to acts and resolves that have the force of law and does not apply to the approval of competing measures that will become law only if approved by the voters. Similarly, section 16 does not require a two-thirds vote of both Houses in order to direct the Secretary of State to place a specifically worded question on the ballot. As stated in the *Opinion of the Justices*, we now conclude that "once adopted by the Legislature, the submission to the voters is self-executing, and language directing the submission of a competing measure to the voters on a referendum ballot is not an "act or resolve" within the meaning of section 16." *Id.* at 665. Once the Legislature enacts the competing measure and the ballot question, placement on the ballot is a ministerial act of the Secretary of State pursuant to the self-executing procedure set forth in the Constitution:

> The [citizen-initiated] measure thus proposed, unless enacted without change by the Legislature at the session at which it is presented, shall be submitted to the electors together with any amended form, substitute, or recommendation of the Legislature, and in such manner that the people can choose between the competing measures or reject both.

Me. Const. art. IV, pt. 3, § 18(2).

Plaintiffs present an additional argument for requiring a two-thirds vote based on constitutional limitations concerning the use of state lands. The Maine Constitution provides as follows:

---

9. "If the Legislature adopts a competing measure, the ballot must clearly designate the competing question and legislation as a competing measure and allow voters to indicate whether they support the direct initiative, support the competing measure or reject both." 21–A M.R.S.A. § 906(6)(B) (Supp.1995).

State park land, public lots or other real estate held by the State for conservation or recreation purposes and designated by legislation implementing this section may not be reduced or its uses substantially altered except on the vote of ⅔ of all the members elected to each House. The proceeds from the sale of such land must be used to purchase additional real estate in the same county for the same purposes.

Me. Const., art. IX, § 23.

Plaintiffs argue that the competing measure, if approved by referendum, will "substantially alter" the use of state lands because the measure subjects these lands to timber harvesting rules and clearcutting limits. We agree with the Superior Court that this issue is not ripe for judicial review. Justiciability requires that there be a real and substantial controversy based upon an existing set of facts, "not upon a state of facts that may or may not arise in the future." *Connors v. Intern. Harvester Credit Corp.*, 447 A.2d 822, 824 (Me.1982). In *Wagner v. Secretary of State*, 663 A.2d 564, 567–568 (Me.1995), we reviewed a challenge to citizen-initiated legislation that concerned the "future effect, enforceability, and constitutionality of the initiative if enacted." We held that "[a]ny determinations about the constitutionality of the initiative if enacted would be premature at this time and more appropriately left for specific challenges in the future." As in *Wagner*, the competing measure before us may not be approved, and it may or may not substantially alter state lands. Whether the legislation has the effect of substantially altering the use of state lands depends on the happening of future events and is not presently ripe for judicial decision.

IV. Approval of the Competing Measure Resolution Fifty-eight Days Before the Referendum Vote.

Plaintiffs also argue that the ninety-day or two thirds vote requirement of section 16 should as a matter of policy apply to competing measures because otherwise the "eleventh hour" action of the Legislature interferes with the free choice of the electorate. In our earlier *Opinion of the Justices*, 680 A.2d 444 (Me.1996), those responding offered the following observation concerning the timing of the legislative session in which the competing measure was to be considered:

> We are asked to assume that the legislative action would not interfere with the orderly printing and distribution of ballots. On that assumption, we fail to see any adverse effect on the free choice of the electorate.

*Id.* at 448. The competing measure has now engendered considerable public debate and discussion. Plaintiffs have failed to demonstrate that the voters have not been provided sufficient time in which to educate themselves about the competing measure, nor have they demonstrated any adverse effect on the free choice of the electorate.

V. The Single Object Rule.

Finally, plaintiffs argue that the competing measure addresses at least two separate issues and that the voters should therefore be presented with at least two separate questions. They contend that in addition to forestry management, the measure also raises privacy issues by granting to Forestry Bureau agents rights of access to private lands. The Maine Constitution does not contain a single object rule provision. In *Common Cause v. State*, 455 A.2d 1, 13 (Me. 1983), however, we entertained such a challenge but found it unnecessary to address the adoption of the rule because the question in that case did not violate the rule. As applied in other jurisdictions, the single object rule requires only that referendum measures have one general objective that embraces all of its provisions. Here, the competing measure has one general objective, forest management, that embraces all of its provisions, including the granting of rights of entry on private lands to Bureau of Forestry agents. As in *Common Cause*, the single object rule has not been violated and we have no occasion to address its adoption.[10]

**10.** We reject plaintiffs' further argument that 21–A M.R.S.A. § 906 mandates that competing measures must be presented to the voters with a separate question for each issue. The relevant portions of that statute have no application to a competing measure.