2018 ME 154

OPINION OF THE JUSTICES
OF THE SUPREME JUDICIAL COURT

GIVEN UNDER THE PROVISIONS OF
ARTICLE VI, SECTION 3 OF THE MAINE CONSTITUTION

Docket No. OJ-18-1

_____

QUESTION PROPOUNDED BY
THE MAINE HOUSE OF REPRESENTATIVES

ON AUGUST 30, 2018

OPINION ISSUED NOVEMBER 20, 2018

_____

QUESTION PROPOUNDED BY THE MAINE HOUSE OF REPRESENTATIVES
ON AUGUST 30, 2018

**WHEREAS,** it appears to the House of Representatives of the 128th Legislature that the following is an important question of law and that this is a solemn occasion; and

**WHEREAS,** the Constitution of Maine, Article VI, Section 3 provides for the Justices of the Supreme Judicial Court to render their opinion on such a question; and

**WHEREAS,** the House of Representatives has repeatedly considered proposals to authorize tribal gaming such as House Paper 838, Legislative Document 1201, "An Act To Authorize Tribal Gaming" and House Paper 999, Legislative Document 1447, "An Act To Recognize and Provide for the Right of the Houlton Band of Maliseet Indians To Operate a Casino on Houlton Band Trust Land Exempt from Certain Gaming Laws"; and

**WHEREAS,** the State authorizes and regulates casinos, including the operation of table games and slot machines, pursuant to the Maine Revised Statutes, Title 8, chapter 31; authorizes and regulates betting on harness racing pursuant to Title 8, chapter 11; and authorizes and regulates a state lottery pursuant to Title 8, chapter 14-A; and

**WHEREAS,** the revenue provided to the Houlton Band of Maliseet Indians by tribal gaming will ensure tribal self-sufficiency and self-determination and will be used by the tribal government for critical social and health programs vital to the well-being of tribal members including reducing chronically high rates of unemployment, depression and mortality and providing services such as health care, elder care, housing and education; and

**WHEREAS,** the Supreme Court of the United States decided in <u>California v. Cabazon Band of Mission Indians</u>, 480 U.S. 202 (1987) that state and local governments do not have the authority to regulate gambling on Indian land; and

**WHEREAS,** it is important that the Legislature be informed as to the question raised in this order; now, therefore, be it

**ORDERED,** that, in accordance with the provisions of the Constitution of Maine, the House of Representatives respectfully requests the Justices of the Supreme Judicial Court to give the House of Representatives their opinion on the following question of law:

Question. Does the decision of the Supreme Court of the United States in California v. Cabazon Band of Mission Indians, 480 U.S. 202 (1987) allow the Houlton Band of Maliseet Indians, a federally recognized Indian tribe, to conduct gambling on tribal trust land without permission to do so from the State?

OPINION OF THE JUSTICES

To the Maine House of Representatives:

[¶1]  On August 30, 2018, before the 128th Maine Legislature adjourned sine die, the Maine House of Representatives referred a Question to us as individual Justices of the Maine Supreme Judicial Court pursuant to article VI, section 3 of the Maine Constitution, which states, "The Justices of the Supreme Judicial Court shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the Governor, Senate or House of Representatives."  Me. Const. art. VI, § 3; *see Opinion of the Justices*, 682 A.2d 661, 663 (Me. 1996).

[¶2]  The Question presented is this:

Does the decision of the Supreme Court of the United States in *California v. Cabazon Band of Mission Indians*, 480 U.S. 202 (1987) allow the Houlton Band of Maliseet Indians, a federally recognized Indian Tribe, to conduct gambling on tribal trust land without permission to do so from the state?

[¶3]  By procedural order, we invited the House of Representatives, the Senate, the Governor, the Houlton Band of Maliseet Indians, other Maine tribes, the Attorney General, and any interested person or entity to submit briefs addressing whether the question propounded presents a "solemn occasion" pursuant to article VI, section 3 of the Maine Constitution.

[¶4]  Although we received briefs from others, including a brief urging the existence of a solemn occasion filed by an individual member of the House, Representative Henry John Bear of the Houlton Band of Maliseet Indians, we did not receive a brief from the House of Representatives.  When the body propounding a Question does not, upon our request for briefing of the issue, provide any response that asks us to determine the existence of a solemn occasion that would justify our consideration of a propounded question, we will determine that the question is not "of a serious and immediate nature" and that the situation does not "present[] an unusual exigency."  *Opinion of the Justices*, 2017 ME 100, ¶ 22, 162 A.3d 188 (quotation marks omitted).

[¶5]  Accordingly, we conclude that no solemn occasion exists, and we each decline to answer the Question propounded.

Signed: November 20, 2018      Each Justice Individually Opining.

For the Justices,

_____/s/_____
LEIGH I. SAUFLEY
Chief Justice
DONALD G. ALEXANDER
ANDREW M. MEAD
ELLEN A. GORMAN
JOSEPH M. JABAR
JEFFREY L. HJELM
THOMAS E. HUMPHREY

Henry John Bear, pro se

John Clark, pro se

Daniel W. Walker, Esq., and Matthew S. Warner, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for Oxford Hills Chamber of Commerce

Joshua A. Tardy, Esq., Edmond J. Bearor, Esq., and Brent A. Singer, Esq., Rudman Winchell, Bangor, for HC Bangor, LLC